**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

JASON JORDAN
ADC #113256                                                                                          PLAINTIFF

V.                                   NO: 1:05CV00057 JLH/HDY

BRUCE SANDERS *et al.*                                                              DEFENDANTS

**FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, currently incarcerated at the Tucker Unit of the Arkansas Department of Correction, ("ADC") filed this *pro se* action on July 7, 2005, pursuant to 42 U.S.C. § 1983. Plaintiff also made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held an Evidentiary (Pre-Jury) Hearing on March 13, 2006, to determine whether the case should proceed to a jury trial. Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the November 2, 2005, hearing to be true, drawn all appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id*. at 135-6. Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Id., quoting Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251-252 (1986). Considering the evidence introduced at the Evidentiary Hearing in the manner set forth above, the undersigned makes the following findings:

1. All the events at issue in this case occurred when Plaintiff was incarcerated at the

ADC's North Central Unit. For some unspecified reason, Plaintiff requested to be moved from general population to administrative segregation. Upon his making that request, Plaintiff was apparently placed in isolation, on administrative review status, pending the decision of an administrative segregation hearing. On November 25, 2003, Plaintiff was given an administrative segregation hearing, where it was determined that he would be required to return to general population. At that time, Plaintiff requested another hearing.

2. After the initial decision was made to place Plaintiff back into general population, Plaintiff was written a disciplinary violation for failing to return to general population. Plaintiff denied the charge. Defendant Sanders wrote the charge on November 25, 2003, and Plaintiff introduced a copy of the charge as exhibit 2. On November 29, 2003, Plaintiff filed an emergency grievance against Defendant Sanders, which was found to be without merit by Defendant McQuilliams.

3. Plaintiff was scheduled for a disciplinary hearing before Defendant Rowland, and, on December 11, 2003, one day before the hearing, Plaintiff filed a grievance against Defendant Rowland, alleging that he would use the hearing process to retaliate against him. Plaintiff based this allegation on the fact that Defendant Rowland had extended the time for the hearing to seven days, longer than the five days allowed by policy. On December 12, 2003, the hearing was held, and Plaintiff, after being removed from the hearing for alleged outbursts, was found guilty, and sentenced to isolation. Plaintiff filed a grievance concerning the decision on December 14, 2003, but it was denied by Defendants McQuilliams, Gibson and Norris.

4. All of Plaintiff's claims had their genesis in the initial disciplinary charge written by Defendant Sanders. That charge accused Plaintiff of failing to obey a direct order to return to population. Plaintiff denied the charge, and alleged that Defendant Sanders fabricated the

3

allegations.  However, even a false disciplinary charge does not itself state a constitutional violation. *Dixon v. Brown*, 38 F.3d 379 (8th Cir. 1994).  To prevail on such a claim, Plaintiff must introduce some evidence of a retaliatory motive on the part of the Defendants.  *Id*.  At the hearing, Defendant offered no testimony to indicate any such motive.

     5.     Plaintiff has raised essentially two claims against Defendant Rowland.  First, that he violated ADC policy by extending the hearing seven days instead of five, which he grieved.  Even if true, such would not be a constitutional violation.  *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).  Plaintiff further asserts that Defendant Rowland retaliated against him for filing the earlier grievance, both in the manner in which he conducted the hearing, and in the conclusions he reached.  However, Plaintiff was found guilty of the charge of refusing to obey orders (*Pl.'s exhibit* 15).  The United States Supreme Court has held that in prison discipline cases, the requirements of due process are satisfied if "some evidence" supports the decision by the prison disciplinary board.  *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).  In reaching that conclusion, the Court cited with approval the Eighth Circuit decision of *Willis v. Ciccone*, 506 F.2d 1011, 1018 (8th Cir. 1974), which held that "[t]he sole and only issue of constitutional substance is whether there exists any evidence at all, that is, whether there is any basis in fact to support the action taken by prison officials."  Accordingly, the only inquiry to be made by this Court is whether some evidence supports the disciplinary officer's findings.  Some evidence, the report of Defendant Sanders, supports the decision.  Thus, Plaintiff has no due process claim regarding the hearing itself.  With respect to his claim of retaliation, the Eighth Circuit has held that "no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform." *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990).  More recently, the Court has reiterated that "if the discipline which

the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail." *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993). *See also Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994) (prison disciplinary committee's finding, based on corrections officer's description of events, that prisoner actually violated prison regulations essentially "checkmate[d]" prisoner's retaliation claim), cert. denied, 515 U.S. 1145, 115 S.Ct. 2584, 132 L.Ed.2d 833 (1995). Because Plaintiff was not entitled to disobey orders, he has not shown any retaliation.

6. Plaintiff's claims against Defendants Norris, Gibson, and McQuilliams, are all essentially the same. Plaintiff asserts that they failed to correct the alleged due process violations of Defendant Rowland. However, as discussed above, there was no due process violation. Accordingly, Plaintiff has not advanced any facts to support a claim against Defendants Norris, Gibson, or McQuilliams.

7. Finally, Plaintiff's claim against Defendant Moss is that he failed to prevent Defendant Rowland's retaliation by refusing to assign another disciplinary hearing officer after Plaintiff grieved the issue. Again, as discussed above, some evidence supports the decision by Defendant Rowland. Plaintiff's claims of retaliation are precluded by his conviction of a rules violation. Because Defendant Moss cannot be liable for failing to prevent retaliation that never occurred, Plaintiff's claims against Moss fail as well.

IT IS THEREFORE RECOMMENDED THAT Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to introduce sufficient evidence to create a fact issue to be submitted to a jury.

DATED this __15__ day of March, 2006.

_____
UNITED STATES MAGISTRATE JUDGE